# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DAVID J. THOMPSON,**

    Plaintiff,

    v.                                             Case No. 24-CV-507

**D RADTKE,** *et al.*,

    Defendants.

## ORDER

Plaintiff David J. Thompson, who is incarcerated and representing himself, filed a civil rights complaint under 42 U.S.C. § 1983. (ECF No. 1.) He also filed a motion to proceed without prepayment of the filing fee. (ECF No. 4.)

On May 10, 2024, the Clerk of Court's Office sent Thompson a letter requesting that he provide a six-month certified prisoner trust account statement and a consent to magistrate jurisdiction form by May 31, 2024. (ECF No. 5.) On May 28, 2024, Thompson sent a letter requesting to use his release account to pay for a copy of his certified trust account statement. (ECF No. 6.) The court construes this as a motion to use his release account to pay for his trust account statement.

The PLRA requires a court to collect fees from a "prisoner's account." 28 U.S.C. § 1915(b). The term "prisoner's account" encompasses both a prisoner's release account and his general account. *Spence v. McCaughtry*, 46 F. Supp. 2d 861, 862 (E.D. Wis. 1999). "A release account is a restricted account maintained by the Wisconsin

Department of Corrections to be used upon the prisoner's release from custody upon completion of his sentence." *Wilson v. Anderson*, Case No. 14-C-798, 2014 WL 3671878 at *3 (E.D. Wis. July 23, 2014) (citing Wis. Adm. Code § DOC 309.466). Given the purpose of the release account, federal courts do not deem it prudent to focus on that account as the source of funds to satisfy the filing fee payment requirements. *Smith v. Huibregtse*, 151 F. Supp. 2d 1040, 1042 (E.D. Wis. 2001). Generally, the only exception to this is allowing prisoners to pay initial partial filing fees out of their release account. *Doty v. Doyle*, 182 F. Supp. 2d 750, 752 (E.D. Wis. 2002).

As such, general litigation costs should not be paid from the release account. This includes fees for copying his trust account statement, even if the cost of copying is minimal. *Beacon v. Dittman*, Case No. 14-cv-136, 2017 WL 375644 at *2 (E.D. Wis. Jan. 26, 2017). Allowing Thompson to use his release account essentially as a back-up litigation fund would deplete it and undermine the purpose of the release account. As such, the court denies Thompson's motion.

Thompson should note that, without the account statement, the court cannot determine whether he is eligible to proceed without prepayment of the filing fee. As such, the court will give Thompson one more chance to submit a certified copy of the trust account statement in accordance with this order. If he fails to comply, the court will deny his motion to proceed without prepayment of the filing fee and dismiss his complaint for failure to follow the court's order unless he pays the full filing fee by the date set forth below.

**IT IS THEREFORE ORDERED** that, by the end of the day on **July 18, 2024,** Thompson must either: (1) pay the full $405 filing fee; *or* (2) provide the court with a certified copy of his trust account statement covering the six-month period preceding the filing of his complaint; *or* (3) explain to the court why he is unable to pay the full filing fee or provide the requested information. If Thompson fails to comply with this order, the court will deny his motion to proceed without prepayment of the filing fee and dismiss his complaint.

Dated in Milwaukee, Wisconsin this 18th day of June, 2024.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge